## EXCHANGE NAT. BANK OF SHREVEPORT v. PEYTON.

Circuit Court of Appeals, Fifth Circuit. April 19, 1927.

No. 4795.

1. Bankruptcy ☞164—Payment to bank by proceeds of collateral within four months held voidable "preference."

A bank to which bankrupt assigned accounts as collateral to its note, within four months prior to bankruptcy, and which collected and applied the same in payment of the note prior to the bankruptcy and before the note was due, *held* to have received a preference recoverable by the trustee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preference.]

2. Bankruptcy ☞311(6)—Creditor, forced to surrender preference, may prove claim as general creditor.

Creditor from whom payment was recovered as preference *held* entitled to prove its claim as general creditor.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit in equity by A. P. Peyton, trustee in bankruptcy of Hill, Sollie & Richey, Inc., against the Exchange National Bank of Shreveport. Decree for complainant, and defendant appeals. Affirmed.

Charlton H. Lyons, of Shreveport, La., for appellant.

Joseph H. Jackson, of Shreveport, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Hill, Sollie & Richie, Inc., was adjudicated bankrupt March 7, 1923. Thereafter its trustee, appellee herein, filed suit to recover an amount of $5,000 alleged to have been received by the Exchange National Bank, appellant, as a preference. The case was referred to a special master to take the evidence and report his findings of fact and conclusions of law. In due course he did so, finding as facts that appellant knew it was being preferred in the distribution of the bankrupt's estate, and had reasonable cause to know the bankrupt was insolvent, but that at the time

the payments were made the bankrupt was not insolvent. On a hearing of exceptions to the master's report, the court found that the bankrupt was in fact insolvent at the time the payments were made, agreed with the master as to his other findings, and rendered judgment in favor of the trustee accordingly, to reverse which judgment this appeal is taken.

[1] Regarding the giving of the preference, it appears without dispute that on December 5, 1922, the bankrupt executed a note to appellant for $5,000, due March 6, 1923. Thereafter the bankrupt assigned to appellant various accounts of its customers, and as they were collected the money was placed in a separate account of the bankrupt, called a "collection account," and eventually applied to the payment of the note, which was accomplished in full on February 24, 1923, about a week before it was due and before the bankruptcy.

Conceding that a bank has the right to apply money deposited in the usual course to the liquidation of the indebtedness of a depositor and may set off such deposits in bankruptcy (American Bank v. Morris [C. C. A.] 16 F.[2d] 845), the facts in this case do not bring it within that rule. There was no cause to attribute any deposits to the payment of the note as it was not yet due nor had the maker been adjudicated bankrupt. Furthermore, when the accounts were assigned to appellant it was the intention of both parties to apply the collections to the liquidation of the note. The amounts credited to the note must be construed to be direct payments by the bankrupt. Mechanics' Bank v. Ernst, 231 U. S. 61, 34 S. Ct. 22, 58 L. Ed. 121.

Without stopping to review the other evidence in the record, it is sufficient to say that there could be no doubt that it supports the conclusion that the bankrupt was insolvent during the period the payments were made; that appellant was charged with notice of the insolvency, and had cause to believe that it was being perferred.

[2] Appellant complains that the judgment should have reserved its right to prove its claim as an ordinary creditor in the event the trustee recovered the payments as a preference. It was not necessary that such a reservation should have been made. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790. If nothing further is shown than appears in the record before us, appellant would have the right to so prove its claim.

Affirmed.