In the Matter of Elwin E. MORIARTY, Debtor.

Bankruptcy No. BK82–733.

United States Bankruptcy Court, D. Nebraska.

Aug. 23, 1982.

James D. Benak, Omaha, Neb., for debtor.

John C. Person, Alma, Neb., for Tripe Motor Co., Inc.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this Chapter 13 proceeding, Tripe Motor Co., Inc., objects to confirmation of the debtor's proposed plan. Tripe Motor objects on the basis that the debtor's proposed plan does not treat Tripe Motor as a secured creditor on a 1979 Oldsmobile automobile on which it claims a security interest. The debtor responds by contending that Tripe Motor is not entitled to secured status in this Chapter 13 proceeding and, thus, the proposed plan which would treat Tripe Motor as unsecured should be confirmed.

Nebraska law requires that security interests in automobiles be noted on the title to the vehicle through recordation at the appropriate county clerk's office. Nebraska Revised Statute § 60–110. The evidence before me fails to disclose that the lien claimed by Tripe Motor was noted on the title to the automobile prior to the date of the filing of this Chapter 13 petition.

Tripe Motor contends that its lien is valid as against the debtor even though the lien may be avoidable by a trustee in bankruptcy.

■ In this litigation, it is unnecessary to determine whether a debtor in a Chapter 13 or a trustee in a Chapter 13 possess trustee avoiding powers under the Bankruptcy Code. It is sufficient to observe that in a Chapter 7 proceeding, in the present factual situation, a trustee in bankruptcy under 11 U.S.C. § 544(a)(1) would have the right to avoid, as against property of the estate, the lien of Tripe Motor since it is unperfected under Nebraska law by notation on the title and because § 544 gives to the trustee the rights of a hypothetical lien creditor. Under Nebraska U.C.C. § 9–301(1)(b), the rights of a creditor with an unperfected security interest are subordinate to the rights of a lien creditor who becomes such before the security interest is perfected. Accordingly, under Nebraska law, Tripe Motor would be unperfected as against a trustee in bankruptcy in a Chapter 7 proceeding because of his hypothetical powers under § 544(a).

Under 11 U.S.C. § 103(a), Chapters 1, 3 and 5 of the Bankruptcy Code apply in a case under Chapter 7, 11 or 13. Thus, § 502(d) applies in a Chapter 13 proceeding and provides as follows:

"Notwithstanding sub-sections (a) and (b) of this section, the Court shall disallow any claim of any entity from which property is recoverable under § 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under § ... 544 ... of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under § ... 550 ... of this title."

■ Under the foregoing statutory provision, made applicable in Chapter 13 by 11 U.S.C. § 103(a), irrespective of whether a transfer is actually avoided by any appropriate entity in a debtor-relief proceeding, a creditor with a voidable transfer may not have its claim allowed in the debtor-relief proceeding until the transferee has paid the amount or turned over the property for which it is liable, given the voidable transfer.

■ In my view, the transfer here involved is a voidable transfer under 11 U.S.C. § 544(a). Given that, Tripe Motor is not entitled to the allowance of any claim until such time as it has "turned over any such property". In this case, the property transferred was the security interest which was given to Tripe Motor by the debtor. Until Tripe Motor files an unsecured claim, thus waiving its claimed security interest and, in the language of the statute, turning over its security interest, it is not entitled to have any claim allowed in this debtor-relief proceeding.

The result of the foregoing is that Tripe Motor can have no secured claim in this proceeding and, at best, can have only an unsecured claim. Thus, Tripe Motor's objection to confirmation because the plan does not give it secured status is not sustainable and the plan should be confirmed. A separate order is entered in accordance with the foregoing.