**In re Michael G. COAN, Debtor.**

**Bankruptcy No. 86 B 7678.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 23, 1989.

Ariel Weissberg, Weissberg & Associates, Ltd., Chicago, Ill., for debtor.

Jody Lowenthal, Chicago, Ill., for William Dec and Walter Acque (movants).

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR TURNOVER OF FUNDS

SUSAN PIERSON DeWITT, Bankruptcy Judge.

■ This matter is before the Court on the Motion of William Dec and Walter Aque (collectively "Movants") for a Turnover of Funds by Harry Miller, the Trustee ("Trustee"), the Brief in Support of Application to Turn Over Funds, the Trustee's Response to the Application to Turn Over Funds, the Trustee's Brief in Response to the Application of William Dec and Walter Aque to Turn Over Certain Funds and the Reply to the Trustee's Response to Turn Over Funds. For the reasons set forth below, the Court orders the Trustee to turn over to the Movants the funds described herein.[1]

---

**1.** This Motion seeks recovery of funds collected by the Trustee and, as such, should have been brought as an adversary proceeding. *In re L.G. Edwards Farm, Inc.,* 30 B.R. 842, 844 (Bankr.E. D.Mo.1983). The Trustee, however, has not objected to this procedure and both parties have briefed the issues involved. In these circumstances, the court will allow this matter to proceed on motion. *E.g., Fundex Capital Corp. v. Balaber–Strauss (In re Tampa Chain Co.),* 53 B.R. 772, 782 n. 7 (Bankr.S.D.N.Y.1985) (trustee waived objection to proceeding on motion by previous acquiescence to that form of procedure), *In re Wild Lilly, Inc.,* 51 B.R. 963, 964 (Bankr.S.D.N.Y.1985) (same); *see also, In re Elegant Concepts, Ltd.,* 67 B.R. 914, 917–918 (Bankr.E.D.N.Y.1986) (failure to initiate adversary proceeding excused where contested matter afforded same substantive rights as proceeding on complaint).

## Factual Background

The Movants are former partners of Michael G. Coan, the Debtor ("Debtor"). Pursuant to an Agreement of Partnership Dissolution not before this Court, the Movants and the Debtor agreed to a distribution of partnership assets, which assets included a purchase money mortgage note payable to the partnership. Certain proceeds of that note, in the amount of $11,186.84, were deposited with Attorney Aaron Spivack ("Spivack"), as escrowee, on or about January 28, 1985. For reasons not material to this decision, the Debtor's share of the proceeds remained in Spivack's possession.

At the time Spivack came into possession of the funds, the Movants were assignees of a judgment against the Debtor rendered in Case No. 83 L 25775 in the Circuit Court of Cook County, Illinois ("Circuit Court"). On April 3, 1986, Movants caused the Clerk of the Circuit Court to issue a Citation to Discover Assets naming Spivack as the citation respondent. Spivack was served with the Citation on April 9, 1986. The Citation directed Spivack, among other things, to submit to an examination regarding any funds in his possession which were owned by the Debtor. The Movants allege that shortly after service of the Citation, Spivack also received a Notice of Federal Tax Lien filed against the Debtor.

Spivack did not appear for the scheduled examination of May 6, 1986, with the result that a further order was issued against him. The May 6, 1986 Order restrained Spivack from conveying or relinquishing control of any funds of the Debtor and declared that, as of April 9, 1986, the Movants held a lien against any of the Debtor's funds in Spivack's possession. Pursuant to the May 6 order, Spivack appeared in the Circuit Court proceeding by filing a written Response to Citation to Discover Assets dated June 3, 1986. Although the order set a hearing date of June 10, 1986 and ordered notice to the Internal Revenue Service, this record contains no indication of any further proceedings in the Circuit Court.

On May 15, 1986, the Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* (1988). (Hereafter, unless otherwise stated, all section references are to the Bankruptcy Code.) On June 9, 1986, the Trustee accepted his appointment retroactive to May 23, 1986. A Proof of Claim was filed on behalf of the Movants on August 19, 1986. The Trustee filed no objection to that claim.

On September 1, 1987, Spivack voluntarily turned over to the Trustee the funds in question. The Trustee states the amount of those funds to be $3,295.82. Movants maintain that they were unaware of the turnover.

Although the Movants have asserted their rights against the Debtor and the estate on a number of occasions, they first asserted a lien on the funds formerly held by Spivack by filing this Motion on January 27, 1988. Subsequently, on July 19, 1988, an attorney from the Internal Revenue Service testified that the federal tax lien has been paid in full. Thus, at the present, only the Movants claim a lien on the funds.

Neither party questions the Circuit Court's conclusion that a lien on the funds held by Spivack was created on April 9, 1986. Decisions in this District also find that the issuance of and service of a citation to discover assets creates a lien on general intangible property of a judgment debtor. *See, e.g., In re Fowler*, 90 B.R. 375, 377 (Bankr.N.D.Ill.1988); *LaPiana v. Farmers State Bank of Somonauk (In re LaPiana)*, 31 B.R. 738, 742 (Bankr.N.D.Ill. 1983); *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319, 324 (Bank.N.D.Ill.1985). The parties here disagree as to whether the lien has been extinguished by the Movants' delay in seeking enforcement of the lien.

The Movants also maintain that the Trustee lacks standing to oppose their Motion, as an action by the Trustee to avoid the lien would be subject to the two-year statute of limitations under § 546(a). The Court first addresses the issue of the Trustee's standing to oppose the Motion.

## Discussion

(1) *Trustee's Standing Under § 546(a)*

Section 546(a) provides that:

[a]n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The Section does not apply to actions outside the Code sections enumerated therein. *See Matter of Mid Atlantic Fund, Inc.,* 60 B.R. 604, 610 (Bankr.S.D.N.Y.1986).

Since the Trustee challenges the validity of their lien, the Movants apparently characterize the Trustee's Response to their Motion as an action under one of the Code sections enumerated in § 546(a). According to the Movants, such Response is time-barred, because over two years have elapsed since the appointment of the Trustee.

■ The Movants' contention is incorrect, both factually and as a matter of law. The Trustee filed his Response to this Motion on February 19, 1988, within two years of his appointment. Thus, even assuming that this were one of the actions enumerated in § 546(a), the action would be timely. Moreover, § 546(a) is limited to proceedings initiated by a trustee; the section does not bar defensive reliance on the trustee's avoiding powers outside the two-year time limit. *See Matter of Mid Atlantic Fund, Inc.,* 60 B.R. at 610 (trustee entitled to raise voidability as a preference when defending against a creditor's claim to assets of the estate, even though no action to avoid that preference had been brought within two years of trustee's appointment).

The Trustee asserts the invalidity of Movants' lien in response to their Motion; he has not brought any adversary proceeding to determine or avoid that lien. Such action being purely defensive, it is not subject to § 546(a). Therefore, the Trustee

has standing to attack the validity of the Movants' lien.

Having determined that the Trustee may oppose this Motion, the Court next addresses the merits of that objection.

### (2) *Extension under § 108(c) of the lien created by citation proceedings*

■ The Trustee maintains that the Movants' lien has been extinguished by virtue of the Movants' failure to bring a timely action to enforce their lien. As support for that proposition, the Trustee cites several decisions interpreting Illinois supplementary proceedings law. Under those decisions, absent an extension by the court, the lien created by the initiation of a citation to discover assets terminates automatically if the creditor fails to accomplish collection within six months. *E.g., King v. Ionization International, Inc.,* 825 F.2d 1180, 1188 (7th Cir.1987); *In re Fowler,* 90 B.R. at 379.[2] Those cases explain the reason for the limitation as follows:

> The reason for the six-month limitation is to force judgment creditors to move promptly to collect their judgments, so that property does not remain encumbered indefinitely, making it hard to sell; the rights of third parties might be impaired.

*King v. Ionization,* 825 F.2d at 1188 (citations omitted).

The Trustee maintains that the Movants' inaction in this case typifies the dilatory behavior which the six-month limitation was intended to prevent. Applying the limitations principle to these bankruptcy proceedings, the Trustee argues that the Movants should have brought a timely motion to lift the stay so as to proceed in Circuit Court. Applying the six-month limitation set forth in Rule 277(f), (*see* footnote 2), this would mean that a motion to lift the stay would have had to be brought within

---

**2.** Illinois law provides that the procedure for conducting supplementary proceedings be prescribed by rules. Ill.Rev.Stat. ch. 110, § 2–1402(a) (1987). Under the Illinois Supreme Court Rule 277(f), unless terminated by motion, court order or prior satisfaction of the judgment, a supplementary proceeding terminates automatically six months from the date of the respondent's first personal appearance. Ill.Rev. Stat. ch. 110A, § 277(f) (1987). *Ionization, Fowler* and other Illinois cases have interpreted the time for enforcing a citation lien as being co-terminous with the time span of the supplementary proceeding.

six months of Spivack's June, 1986 Response to Citation to Discover Assets.

In their Reply to Trustee's Response to Turnover Funds, the Movants argue that the validity of their lien rights should be determined as of the date of the Bankruptcy Petition. Since that Petition was filed less than six months after the commencement of the citation proceedings, the Movants contend that their lien is valid. The Movants further maintain that their lien was not extinguished when the six-month period under state law expired during the course of these bankruptcy proceedings.

The Movants explain their failure to act earlier on the basis that they were unaware that Spivack had turned the Debtor's funds over to the Trustee. In addition, the Movants point out that the automatic stay precluded action to enforce the lien in the Circuit Court. Thus, the Movants contend that no action was necessary, either within or without the bankruptcy court, to maintain their lien.

The Court finds that the Movants' lien has not been extinguished. This conclusion is based on § 108(c), which provides that:

[e]xcept as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 722, 1201 or 1301 of this title, as the case may be, with respect to such claim.

The purpose of the extension of time under § 108(c) is to extend the statute of limitations for creditors in actions against the debtor, where the automatic stay prevents the creditor from proceeding outside the bankruptcy court. *Brickley v. United States (In re Brickley)*, 70 B.R. 113, 115 (9th Cir.B.A.P.1986). The extension of time under § 108(c) also furthers the long-standing principle that valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved. *In re Bond Enterprises, Inc.*, 54 B.R. 366, 369 (Bankr.D.N.M.1985) (*quoting Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 738, 51 S.Ct. 270, 272, 75 L.Ed. 645 (1930)).

Although there appear to be no reported cases involving the lien created by a citation to discover assets, numerous cases deal with situations wherein nonbankruptcy law requires some affirmative action by a creditor to maintain in force an existing lien. *E.g., United States v. Freeland (In re Chaseley's Foods, Inc.)*, 30 B.R. 452 (N.D.Ind.1983), *aff'd.*, 726 F.2d 303 (7th Cir.1983) (failure to file U.C.C. continuation statement); *Wolfe v. Thomasson (In re Thomasson)*, 66 B.R. 503 (Bankr.W.D.Mo. 1986) (failure to revive judgment by writ of scire facias); *Homeowner's Finance Corp. v. Pennington (In re Pennington)*, 47 B.R. 322 (Bankr.E.D.Va.1985) (intervention of bankruptcy prior to enforcement of lien on personal property under writ of fieri facias); *First American Title v. Design Builders, Inc. (In re Design Builders, Inc.)*, 18 B.R. 392 (Bankr.D.Idaho 1981) (failure to commence action to enforce mechanic's lien).

These cases uniformly hold that valid liens do not expire during the pendency of the bankruptcy case, despite the creditor's failure to take action to enforce or perfect the lien within the time period prescribed by state law. In reaching this conclusion, a number of these decisions also note that such extension of time does not undermine the purpose of the state law limitations period, as parties dealing with a debtor are aware that the debtor's property is subject to the control of the trustee and the bankruptcy court. *E.g., In re Chaseley's Foods, Inc.*, 30 B.R. at 455; *contra In re Thomasson*, 66 B.R. at 505–506.

Notably, none of these decisions require that the creditor move for relief from the automatic stay. *E.g., Putterbaugh v. International Harvester Credit Corp. (In re Mills)*, 32 B.R. 507, 509 (Bankr.D.Me.1983). To the contrary, it has been suggested that application of the principle underlying § 108(c) relieves the creditor from having to seek relief from the stay. *In re Pennington*, 47 B.R. at 327.

Applying the above principles here, it is clear that the automatic stay prevented the Movants from continuing their action against the Debtor in the Circuit Court. At the same time, the Movants' lien was undisputedly valid at the commencement of the bankruptcy proceedings. In these circumstances, § 108(c) extends the period for enforcing the Movants' lien until 30 days after termination of the automatic stay. Since the automatic stay has not yet terminated with respect to the funds formerly held by Spivack, the Movants have brought a timely Motion to enforce their valid lien.

THEREFORE, IT IS HEREBY ORDERED that Harry Miller, the Trustee in this case, turn over to William Dec and Walter Acque the sum of $3,295.82 within Fourteen (14) days from the date of this Order.