In re **MARKETING ASSOCIATES OF AMERICA, INC., Debtor.**

**Bankruptcy No. 88–00494–BSS.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 4, 1991.

Lloyd A. Palans, Terry L. Pabst, St. Louis, Mo., Mark K. Thomas, Ronald E. Gold, Chicago, Ill., for Kenwood.

Edward M. Goldenhersh, Teresa A. Generous, St. Louis, Mo., for Trustee.

A. Thomas DeWoskin, St. Louis, Mo., Trustee.

## INTRODUCTION

BARRY S. SCHERMER, Bankruptcy Judge.

This matter comes before the Court on the objection of trustee A. Thomas DeWoskin (the "Trustee") to the claim asserted by Kenwood U.S.A. Corporation ("Kenwood"). The Court must determine whether pursuant to Section 502(d) of the Bankruptcy Code (the "Code") a court may disallow a claim upon the Trustee's *prima facie* showing that a creditor received an otherwise voidable preference although he is time-barred from bringing an adversary proceeding under Section 547 of the Code.

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

On February 17, 1988, Marketing Associates of America, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. The Trustee was appointed on that same day. On September 13, 1988, Kenwood filed a proof of claim in the amount of $309,478.37. The Trustee filed his Objection to Kenwood's Claim and Notice of

Hearing on March 13, 1990, alleging that 1) no proof of debt was attached to the claim; 2) no accounting of indebtedness was attached to the claim; and 3) the claim was filed out of time. On August 27, 1990, counsel for the Trustee wrote a letter to Kenwood regarding returns that the Debtor made to Kenwood ninety (90) days prior to the Debtor's Chapter 11 filing. One month later, the Trustee filed his amended reply to Kenwood's response, wherein the Trustee alleged that Kenwood may have received certain preferential transfers. At no time before or after this allegation did the Trustee file an adversary proceeding against Kenwood seeking to avoid these allegedly preferential transfers. Instead, the Trustee now seeks to utilize defensively Section 502(d) to avoid the transfers.[1]

Section 502(d) provides, in pertinent part: Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section ... 547 ... of this title, unless such entity or transferee has paid the amount ... for which such entity or transferee is liable under section ... 550 ... of this title.

Thus, for purposes of this case Section 502(d) states that unless a transferee has paid to the trustee the amount of the preferential transfer, a court must disallow any claim that the transferee holds against the estate. In sum, this language requires that in order to receive payment on its claim, a claimholder must play by the rules of the Code and first return any preferential transfer received. *See Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604, 609 (Bankr.S.D.N.Y.1986).

Kenwood notes that the language of Section 502(d) encompasses both a transfer which is "avoidable" under Section 547 and the consequences when the transferee "is liable" under Section 550. However, Section 546(a)(1) requires the trustee to bring any avoidance actions under Section 547 within two years of being appointed to the case. Given that this statute of limitations

---

1. In so doing, the Trustee merely seeks to avoid Kenwood's claim and does not pursue any affirmative recovery of any allegedly preferential transfers, as this remedy is now time-barred.

has expired, Kenwood argues that any preferential transfer is no longer avoidable under Section 547, nor can Kenwood be held liable under Section 550. Thus, Kenwood asserts that the Trustee is rendered unable to utilize defensively Section 502(d).

The Trustee concedes that he never filed any adversary proceeding pursuant to Sections 547 or 550 of the Bankruptcy Code to recover any allegedly preferential transfers made by the Debtor to Kenwood, and that such an action would now be time-barred. However, relying on *Matter of Mid Atlantic Fund, Inc.,* supra, and cases adopting the holding of that case, *see Matter of Eye Contact, Inc.,* 97 B.R. 990 (Bankr.W.D.Wis. 1989); *In re Larsen,* 80 B.R. 784 (Bankr.E. D.Va.1987),[2] the Trustee argues that he may utilize Section 502(d) to demonstrate (but not realize a return of) a preference and thereby bar the allowance of Kenwood's claim.

In *Mid Atlantic Fund,* the court held that the trustee may use defensively Section 502(d) after the expiration of the Section 546 statute of limitations to preclude certain creditors from receiving certain assigned funds. 60 B.R. at 610.[3] In reaching its decision, the court noted the language of Section 57(g) of the Bankruptcy Act and several cases interpreting it to mean that a trustee could raise an otherwise time-barred voidable transfer so as to cause disallowance of the claim.[4] Analogizing Section 57(g) to Section 502(d) of the Bankruptcy Code, which the court considered its modern equivalent, the court stated that because Section 502(d) of the Bankruptcy Code contained no time limit as to when the trustee may object to a claim, it could "discern no policy or statutory

reason not to follow the same rule under the Bankruptcy Code". *Id.* Moreover, the court noted that the defensive use of barred claims is common outside the bankruptcy context. *Id.* Subsequent cases citing *Mid Atlantic Fund* for its allowance of Section 502(d) defensive use have done so summarily and offer little insight into this issue. Thus, essentially it is the reasoning of *Mid Atlantic Fund* which supports the Trustee's position.

This Court declines the Trustee's request to follow the holdings of *Mid Atlantic Fund* and its progeny,[5] and holds that the Trustee may not use Section 502(d) defensively to cause the avoidance of Kenwood's claim. First, this Court agrees with Kenwood that the plain meaning of Section 502(d) mandates that the Trustee first must timely bring his preference action in order to invoke that provision. In pertinent part, Section 502(d) requires the court to disallow any claim that is "avoidable" under Section 547 if the transferee fails to return first the preference it has received. However, it is implicit that no preference is avoidable if the action is not brought within the time limits prescribed by Section 546(a)(1). Here the Trustee has admitted that this statute of limitations has expired. Thus, because no preference action may ever be brought, there can be no preference which is "avoidable" within the meaning of Section 502(d). Likewise, the same holds true when the statute speaks of the amount for which the transferee "is liable" under Section 550. This provision provides in pertinent part that the transferee is liable to the extent of the transfer avoided. However, because the time limitations of Section 546(a)(1) preclude any such avoid-

**2.** The Trustee also relied on cases which allowed the defensive use of Section 502(d). *See Matter of Moriarty,* 22 B.R. 689 (Bankr.D.Neb. 1982); *In re Coral Petroleum, Inc.,* 60 B.R. 377 (Bankr.S.D.Tex.1986); *In re Coan,* 96 B.R. 828 (Bankr.N.D.Ill.1989).

**3.** The court stated that while the trustee may utilize Section 502(d) defensively to avoid the creditors' claim, the expiration of the Section 546 statute of limitations rendered him unable to recover the $12,500 preference payment. 60 B.R. at 611 n. 12.

**4.** *See In re Meredosia Harbor & Fleeting Service, Inc.,* 545 F.2d 583 (7th Cir.1976), *cert. denied,* 430 U.S. 967, 97 S.Ct. 1649, 52 L.Ed.2d 359 (1977); *In re Cushman Bakery,* 526 F.2d 23 (1st Cir.1975), *cert. denied,* 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976); *In re Supreme Synthetic Dyers, Inc.,* 3 B.R. 189 (Bankr.E.D.N.Y. 1980); and *In re Hudson Feather & Down Products, Inc.,* 22 B.R. 247 (Bankr.E.D.N.Y.1982).

**5.** *See Matter of Eye Contact,* 97 B.R. at 992; *In re Coan,* 96 B.R. at 831; and *In re Larsen,* 80 B.R. at 791.

ance, this portion of Section 502(d) is equally inapplicable to the instant case.

Second, while this Court believes that the Trustee's reliance on *Mid Atlantic Fund* is on point because it stands for the proposition which the Trustee asserts, the Court questions the propriety of the underlying case itself. In *Mid Atlantic Fund*, the court found that the Section 546 statute of limitations had run. Despite this fact, the court still allowed the trustee to prosecute his preference action and found that the trustee had made his *prima facie* case,[6] which caused the court to void the claim. 60 B.R. at 609. Thus, simply because the trustee prosecuted its preference action under Section 502(d), he was able to circumvent the normal two-year time limit for the purpose of disallowing the creditors' claim entirely. This Court finds such a procedural windfall unjust and does not intend to afford the Trustee the same opportunity in the instant case.[7] In *Mid Atlantic Fund*, 60 B.R. at 610, the court quotes the following language from a leading bankruptcy treatise concerning the purpose of Section 57(g):

> More precisely, however, what hinders allowance is not so much the preference itself as the failure to surrender it. This apparently formalistic distinction is of great practical significance. It reveals the purpose, meaning and the limited scope of 57g, which may best be summarized in the words: 'Restoration, not punishment, is the object of this law.' * * * The [Bankruptcy] Act evidences a natural desire to restore the equality of a distribution disturbed by the illicit preference, transfer, etc.
>
> 3 Collier on Bankruptcy (14th Ed.1977) ¶ 57.19 at 307–08.

Based in part on this language, the court correctly concluded that the purpose of Section 57(g), and consequently Section 502(d) of the Bankruptcy Code, "is to preclude entities from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate". 60 B.R. at 609. However, in both *Mid Atlantic Fund* and the instant case the trustees failed to timely bring a Section 547 preference complaint, and are forever barred from so doing. Thus, because there is not and never can be a preferential transfer which is contrary to the purpose of Section 502(d) (as equality of distribution is not threatened), the use of Section 502(d) is not necessary.

Finally, in determining that Section 502(d) allows a trustee to cause the avoidance of an otherwise time-barred avoidable transfer, the *Mid Atlantic Fund* court correctly drew a parallel between this provision and Section 57(g) of the Bankruptcy Act. Thereafter, the court relies primarily on *In re Meredosia Harbor & Fleeting Service, Inc., supra*, and *In re Cushman Bakery, supra*, for the proposition that Section 57(g) is unaffected by the time limitations of Section 11(e), the rough equivalent of Section 546. However, such reliance appears to be misplaced. In *Cushman Bakery*, the First Circuit stated:

> We hold that § 11e's time limitation does not apply to objections to the allowance of a claim unless voidable preferences are first surrendered and that the only time limitations on a trustee's ability to present objections to the allowance of a claim are those flowing from the equitable doctrine of laches.

Thus, while *Cushman Bakery* concerned the time in which a trustee must object to a claim, *Mid Atlantic Fund* (as well as the instant case) involved the disallowance of a claim after the time limitation for bringing a preference complaint. Likewise, while *Meredosia Harbor* concerns the time limitations of Section 11(e), not once in the opinion does the court discuss Section 57(g) of the Bankruptcy Act (11 U.S.C. § 93(g)). Thus, the very foundation of the *Mid At-*

---

**6.** In footnote nine, the court held that a $12,500 payment "was also a preferential transfer". The court also discussed a new value defense. This demonstrates that the court provided some forum for the determination of the preferential transfer issue.

**7.** Even if the Trustee was given the opportunity to prove his case beyond the two-year limitation, the Court doubts that the attachment of various accounts receivable reports to his brief would be sufficient to satisfy his burden of proof.

*lantic Fund* decision appears to be undercut. Accordingly, it is

ORDERED that the Trustee's request to disallow Kenwood's claim pursuant to Section 502(d) is DENIED;

IT IS FURTHER ORDERED that all remaining objections to Kenwood's claim be heard by this Court on January 28, 1991 at 9:00 a.m.