**In re CORPORACION de SERVICIOS MEDICO HOSPITALARIOS de FAJARDO, Debtor.**

**Bankruptcy No. 85–00553 (ANV).**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 7, 1991.

**5**

Jose Raul Cancio Bigas, Cancio, Rodriguez–Nevarez, Sanabria & Lopez–Pumarejo, Hato Rey, P.R., for debtor.

Antonio Fiol Matta, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for Dept. of Health.

Richard A. Lee, San Juan, P.R., for Creditors' Committee.

Alejandro Oliveras, Hato Rey, P.R., Office of U.S. Trustee.

## DECISION AND ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.[*]

Heard on November 9, 1990 on the Motion of the debtor, Corporacion de Servicios Medicos Hospitalarios de Fajardo ("the Hospital") for an Order compelling the Puerto Rico Department of Health ("the Department") to make past due payments for services rendered. The Hospital alleges that the Department owes it $2,333,009 [1] under the terms of a December 1, 1982 contract executed between the parties. After the filing of the instant motion on March 28, 1990, numerous conferences and informal hearings were held in attempts to resolve the controversy, or to define the issues and establish a discovery schedule [2] and hearing date. Eventually, with no settlement likely, and with the pleadings "apparently", although not officially closed, the matter was scheduled for trial on August 28, 1990. On August 13, 1990, the Department filed a spontaneous [3] pleading entitled "Memorandum of Law Relative to Debtor's Motion for Order Directing Department of Health to Comply with Contract Terms", in which the Department raised, for the first time, the defense of sovereign immunity, and the debtor's failure to comply with Bankruptcy Rule 7001, which requires the filing of an adversary proceeding, instead of the motion by which this litigation was commenced.

On August 28, 1990, the scheduled hearing date on the merits, the parties submitted a proposed Joint Pretrial Order containing stipulated facts, and advised the Court that since only questions of law remained, an evidentiary hearing was not necessary. Accordingly, we approved a briefing schedule for the submission of memoranda, and upon consideration of these written arguments, on November 9, 1990 we issued a short bench ruling, adversely to the Department of Health. For appellate purposes, the Department has requested findings and conclusions, and we comply with said request, as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the stipulated facts, documentary evidence, and the arguments, we make the following findings of fact and conclusions of law:

1. On December 1, 1982, the Department and the Hospital executed the contract in question. This agreement, as it has been subsequently amended, is in full force and effect.

2. The amount owed to the debtor, $1,068,795, is not in dispute, and has been stipulated to by the parties.

---

[*] For the District of Rhode Island, sitting by designation.

1. This claim is based upon payroll deductions improperly taken by the Department, for employees no longer working for the Hospital.

2. Throughout this period the parties were engaged in continuous settlement negotiations, and in fact jointly represented to the Court that a compromise agreement would probably be achieved prior to the trial date of August 28, 1990.

3. We use the term "spontaneous pleading" because the document was not in direct response to anything, and has all of the earmarks of an afterthought.

## 6

3. After the filing of the debtor's motion on March 28, 1990, the Department had sufficient time to respond to it and to otherwise defend against the instant motion.

4. The Department is an instrumentality of the Commonwealth of Puerto Rico.

5. At no time prior to August 13, 1990, did the Department raise any question as to the procedural posture of the instant controversy.

6. At no time prior to August 13, 1990, did the Department raise the defense of sovereign immunity, either in this proceeding, or in this bankruptcy case.

7. At no time did the Department appear specially, or condition its appearance, either in this bankruptcy case or in the instant proceeding, reserving its right to later raise the defense of sovereign immunity.

8. The record clearly demonstrates that the Department participated at all stages of this protracted Chapter 11 reorganization case, not only in monitoring and protecting its interest in the debtor's reorganization efforts (e.g. litigation to lift the automatic stay, and assumption and assignment of the contract), but also, by appearing at and participating in virtually all scheduled hearings, actively taking part in the negotiations involving the formulation of a plan of reorganization, expressly supporting confirmation of the debtor's plan,[4] monitoring the debtor's business, and being provided with and reviewing its monthly operating reports.

9. In addition, in negotiating the conditions that resulted in the debtor assuming the subject contract, the Department obtained the debtor's voluntary dismissal of its claim for one million dollars against the Department, which was based on the Department's alleged unlawful and willful violation of the automatic stay. In summary, the Department of Health has been a major participant in this case, from the onset, and without reservation.

10. Although the action initiated by the debtor on March 28, 1990 may well constitute an adversary proceeding pursuant to the provisions of Rule 7001 et seq., rather than a contested matter, the litigation nevertheless went forward, without objection, as filed, and Department has not even alleged any prejudice resulting from claimed procedural irregularity. Moreover, it was not until two weeks before the scheduled hearing on the merits that the Department expressed any reservation whatsoever as to its status before this Court, in which it has fully availed itself of the discovery procedures available to it under Rule 9014, which adopts, almost in its entirety, the Part VII Rules applicable to adversary proceedings. Accordingly, we hold that in failing to raise technical or procedural defects in a timely manner, and in participating until virtually the eve of trial without objection, the Department has waived its Rule 9014 argument. *In re Coan,* 96 B.R. 828, 829 n. 1 (Bankr.N.D.Ill. 1989); *In re Szostek,* 93 B.R. 399, 403 n. 6 (Bankr.E.D.Pa.1988); *In re Tampa Chain Co., Inc.,* 53 B.R. 772, 782 n. 7 (Bankr.S.D. N.Y.1985).

11. The Eleventh Amendment to the United States Constitution prohibits a federal court from exercising jurisdiction in any action against a state unless the state has consented to be sued, has waived immunity, or such immunity is abrogated by Congress. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).

12. In the First Circuit it is well established that although the issue of sovereign immunity may be raised at any time, *Howard v. P.R. Aqueduct Sewer,* 744 F.2d 880, 886 (1st Cir.1984), *cert. denied* 469 U.S. 1191, 105 S.Ct. 965, 83 L.Ed.2d 970 (1985), participation by a state in a case filed in a federal court may be construed as a waiver of sovereign immunity. *Newfield House, Inc. v. Mass. Dept. of Public Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.1981), *cert. denied* 454 U.S. 1114, 102 S.Ct. 690,

---

**4.** At the February 1, 1990 confirmation hearing, counsel for the Department of Health stated that "the Department of Health is very interest-

ed that the plan be confirmed today." (Transcript, p. 25.)

70 L.Ed.2d 653 (1981) ("While the standard for finding a waiver is high, ..., one long-accepted basis for such a finding is a general appearance in a federal proceeding by a state official acting within his authority." *Id.* (other citations omitted)); *P.R. Aqueduct Sewer, supra* at 886 ("There is no question that a state may waive its Eleventh Amendment immunity, ..., and it has long been established that a general appearance may constitute such a waiver, *e.g. Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 882, 27 L.Ed. 780 (1883)" *Id.*).

Based upon the foregoing, we conclude that the Department of Health initially had the right to raise the defense of sovereign immunity, but that at such a late stage of this proceeding, and considering the enormous presence of the Department throughout the pendency of the Chapter 11 case, the notion that the State has not waived its sovereign immunity is untenable, and that contention is rejected. The Department has actively and continuously participated in this Chapter 11 case since its inception, in May, 1985. In addition, while the present motion was filed in March, 1990, the Department did not raise any sovereign immunity defense until August, 1990, after it had attended all scheduled conferences and hearings, participated in numerous settlement discussions with the debtor, and conducted and concluded pre-trial discovery. Whether the Department's failure to raise immunity questions until the eve of trial was an oversight, or whether there was some strategic motivation, is irrelevant to our ruling that there has been a waiver.

Furthermore, the Commonwealth of Puerto Rico, the "sovereign" in this case, has also appeared by other of its agencies as well, including the Treasury Department, the Labor Department and the Puerto Rico Electric Power Authority. These Commonwealth agencies all filed priority claims in the case, and were paid in excess of $400,000 on the confirmation date of the debtor's plan of reorganization. In addition, the debtor has paid the law firm of Hughes, Hubbard & Reed $214,407 in legal fees which it incurred in litigation with the

Department which now asserts that it is not subject to the jurisdiction of this Court. Based upon all of the foregoing, we rule that the Department has long ago waived its sovereign immunity in this case, and although it is not a basis for our finding of waiver by the Department, the extensive participation by various other agencies highlights the State's pervasive involvement in this Chapter 11 case.

Accordingly, based upon the foregoing findings of fact and conclusions of law, it is ORDERED that the Department pay the sum of $1,068,795 [5] to the debtor, FORTHWITH.

Enter Judgment consistent with this opinion.

---

5. The debtor has expressly abandoned any claim for interest on this award.