**In re Allen WEINSTEIN, Debtor.**

**No. 96–23474–BKC–RBR.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Dec. 29, 1999.

---

Joel M. Aresty, Miami, FL, for Allen Weinstein.

Becket and Lee LLP, Malvern, PA, for American Express Travel Related Services, c/o Gary J. Lublin, First Union National Bank, c/o Jeffrey Becker, American Express Optima Card Division, c/o Becket and Lee.

Robin F. Frydman, Ft. Lauderdale, FL, for Center Capital Corporation, c/o Theodore A. Jewell.

Robert C. Meyer, Coral Gables, FL, for Lucy C. DiBraccio, trustee.

Ronald C. Pathman, Miami, FL, for First Union National Bank of Florida, c/o Peter D. Morgenstern.

Detra P. Shaw, Miami, FL, for Lennar Florida Partners I, L.P., c/o Issac J. Mitrani.

### *ORDER SUSTAINING SECOND OBJECTION TO CLAIM AS TO CENTER CAPITAL CORPORATION*

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on October 26, 1999 upon the Trustee's Second Objection to Claim No. 2 (the "Objection") filed by Center Capital Corporation ("CCC"). The Court, having reviewed the Objection and court file, considered the arguments of counsel, and being otherwise duly advised in the premises, finds as follows.

#### *Background*

The Debtor, Allen Weinstein, filed a voluntary Chapter 7 petition on July 23, 1996. Lucy DiBraccio was appointed as Chapter 7 Trustee.

Prior to the Petition date, on April 18, 1996, CCC obtained a Summary Final Judgment against the Debtor in the amount of $52,637.49, which was recorded in the public records of Broward County, Florida on May 10, 1996, within the 90-day preference period of 11 U.S.C. § 547.

On August 13, 1996, CCC filed a proof of claim asserting a secured claim in the amount of $52,637.49 based upon the judgment. Pursuant to 11 U.S.C. § 546, the Trustee had until July 30, 1998 to commence an avoidance action against CCC pursuant to Sections 544, 545, 547, 548, or 533 of the Bankruptcy Code. No such action was ever filed by the Trustee against CCC.

Instead of filing a preference action under § 547 to avoid the recording of the judgment, the Trustee filed the instant Objection wherein she argues that, pursuant to § 502(d), CCC's claim should be disallowed until CCC returns the preference to the estate.

In response, CCC maintains that the Trustee is barred from raising the preference as a defense to CCC's claim because the statute of limitations for bringing a preference action expired before the Trustee filed the Objection.

#### *Discussion*

The Trustee objects to the secured claim of CCC pursuant to 11 U.S.C. § 502(d) which provides that

> ... the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section ... 547 ... of this title, unless such entity or transferee has paid the amount, or turned over any such property for which such entity or transfer is liable....

The Trustee interprets this section as requiring CCC to relinquish its lien on the Debtor's property before it can receive a distribution from the estate, regardless of the fact that the Trustee is time-barred from bringing an avoidance action under § 547. Several reported cases support the Trustee's position. *See Committee of*

*Unsecured Creditors v. Commodity Credit Corporation (In re KF Dairies),* 143 B.R. 734 (9th Cir. BAP 1992); *In re Stoecker,* 143 B.R. 118 (Bankr.N.D.Ill.1992); *In re Chase & Sanborn Corp.,* 124 B.R. 368 (Bankr.S.D.Fla.1991); *In re Mid Atlantic Fund, Inc.,* 60 B.R. 604 (Bankr.S.D.N.Y. 1986).

CCC cites one case to support its claim that the Trustee is foreclosed from objecting to its claim on the basis of a preferential transfer because the statute of limitations for bringing such an action has expired. In the case of *In re Marketing Assocs. of Am., Inc.,* 122 B.R. 367 (Bankr. E.D.Mo.1991), the Bankruptcy Court declined to follow the cases relied upon by the Trustee. Specifically, the Court found that § 502(d) could not be used defensively to avoid the claim of a creditor because no timely preference action was brought by the trustee. The court focused on that part of the statute that requires the disallowance of a claim that is "avoidable" under § 547. Since the trustee failed to timely file an action under § 547, the court determined that there could be no "avoidable" preference for the purpose of § 502(d). Similarly, the court concluded that the creditor could not be considered "liable" for the return of any transfer under § 550. The court also reasoned that, by allowing the trustee to prosecute the preference action under § 502(d), the trustee was able to circumvent the statute of limitations and obtain a "procedural windfall".

This Court has reviewed the authority cited by the parties and rejects the theory that the Trustee cannot use § 502(d) defensively in the context of an objection to claim. The Court agrees with the reasoning in *Mid Atlantic* that had Congress intended the statute of limitations imposed by § 546 to apply to § 502(d), it could have easily added a reference to § 546 in § 502. *See Mid Atlantic,* 60 B.R. at 610 n. 11.

The purpose the Bankruptcy Code is a fair distribution of assets to creditors. If the Court were to allow CCC to retain the judgment it received during the preference period, in addition to receiving a distribution as a secured creditor, the clear intent of the Bankruptcy Code would be defeated.

The Court disagrees with the *Marketing Assocs.* court that such a ruling allows a trustee to circumvent the statute of limitations and receive a procedural windfall. Under § 502(d), the Trustee is limited to offsetting the claim asserted by CCC. Had CCC received a preference beyond the amount it seeks from the Debtor, the Trustee would be unable to recover the additional preference without commencing a timely adversary proceeding. *See Mid Atlantic,* 60 B.R. at 611.

Accordingly, finding that CCC received a preference when it perfected its lien against the Debtor's real property, it is hereby

ORDERED AND ADJUDGED that the Trustee's Second Objection to Claim as to Center Capital Corporation is sustained. The lien held by CCC against proceeds from the sale of Debtor's real property is extinguished. CCC shall have an allowed unsecured claim in the amount of $52,-637.49.