## IRVING TRUST CO. v. FRIMITT et al.

District Court, S. D. New York.
Aug. 25, 1932.

Krause, Hirsch & Levin, of New York City (George C. Levin and Morris M. Marcus, both of New York City, of counsel), for plaintiff.

Bennett E. Siegelstein, of New York City, for defendant Victor Frimitt.

A. M. Perkus, of New York City, for defendant Wolf Berger.

Alexander & Schwach, of New York City, for defendant Anna Elinson.

PATTERSON, District Judge.

The motion is to strike out the answers of the defendants Frimitt, Berger, and Elinson and for "judgment on the pleadings."

The suit is in equity, brought by a trustee in bankruptcy to recover transfers alleged to be fraudulent under section 67e of the Bankruptcy Act (11 USCA § 107(e). The bill, after alleging that the bankrupts made transfers to the defendants with the intent to defraud creditors, and that the amounts of such transfers were $2,500 to Frimitt, $3,-500 to Berger, and $500 to Elinson, shows that all three defendants filed proof of claim against the bankrupt estate, Frimitt for $85 as a claim entitled to priority and for $6,-366.70 as a general claim, Berger for $100

as a priority claim, and Elinson for $76 as a priority claim; that the trustee filed objections to the claims; that the referee made an order disallowing the claims, unless the defendants should surrender within ten days the sums of $2,500, $3,500, and $500, respectively, found to have been fraudulently received by them without consideration, the order also providing that, if such repayments were made, the proofs of claim should be allowed with leave to the trustee to contest the correctness of the amounts; that, upon petition by the defendants to review, the referee's order was affirmed by the District Court; that the time for further appeal has expired without appeal being taken; and that the sums found to have been fraudulently transferred to the defendants have not been surrendered. Copies both of the referee's order and of the affirming order are attached to the bill. It is evident that the trustee in framing the bill counted heavily upon the rule of res judicata to foreclose the defendants from contesting the merits of the case.

The defendants have answered separately. Each of them denies the allegation of a fraudulent transfer, but admits that a proof of claim was filed in the bankruptcy proceeding; that the trustee objected to the claim; that the orders of the referee and of the District Court annexed to the bill were made; and that the sums found to have been fraudulently received have not been repaid. As an offset and counterclaim, each defendant says that he filed a proof of claim for services rendered the bankrupts, that the referee refused to allow him to prove such claim, and that the amount thereof should be awarded to him in this suit.

■ There is a preliminary point of practice. So far as the motion questions the sufficiency of the counterclaims, it is based upon the express provisions of rule 33 of the Equity Rules (28 USCA § 723). So far as it seeks "judgment on the pleadings," I know of no specific provision in the equity rules authorizing such relief. But it seems plain that, if the counterclaims are lopped off, and if the portions of the answers in admissions and denials then remaining tender no issue to be tried, the plaintiff should be given a decree pro confesso. There is precedent for the practice followed by the plaintiff. National Association of Certified Public Accountants v. United States, 53 App. D. C. 391, 292 F. 668; Pierrepont v. Fidelity-Philadelphia Trust Company (D. C.) 32 F.(2d) 608.

■ There is no issue to be tried concerning the fraudulent transfers. The ruling of the referee in rejecting the defendants' claims was based solely upon a finding that the defendants had taken fraudulent transfers, the receipt of which under section 57g of the Act (11 USCA § 93 (g) barred the claims except on the condition precedent that the property transferred be surrendered. The finding by the referee that there were fraudulent transfers is res judicata in a later suit brought by the trustee against the claimants to recover the same transfers. Breit v. Moore (C. C. A.) 220 F. 97; Ullman, Stern & Krausse v. Coppard (C. C. A.) 246 F. 124; Lincoln v. People's Nat. Bank (D. C.) 260 F. 422. Under the circumstances, the denial of the fraudulent transfers in the answers is futile.

■ It is equally clear that the counterclaims interposed by the defendants cannot stand. These counterclaims are for moneys said to have been owing by the bankrupts for services rendered. The claim asserted by the trustee against the defendants being for fraudulent transfers, the case is not one of "mutual debts or mutual credits" that may be set off under section 68 of the act (11 USCA § 108). The liability of the defendants to the trustee is not a "debt." See Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769; Lytle v. Andrews (C. C. A.) 34 F.(2d) 252; Morris v. Windsor Trust Co., 213 N. Y. 27, 106 N. E. 753, Ann. Cas. 1916C, 972; Putnam v. Handy, 251 Mass. 196, 146 N. E. 264. Moreover, to permit counterclaims of this sort here would be subversive of section 57g, the design of which is that preferential or fraudulent transferees shall surrender their transfers in full before their claims to a dividend may be allowed. As to the property taken preferentially or in fraud of creditors, it is to be returned in full; as to transferees' claims against the bankrupt, they are entitled only to share in the estate along with other creditors of the same class. If the counterclaims stand and are allowed to diminish the trustee's recovery, the defendants will collect their claims at full value, in effect perpetuating in whole or in part the fraudulent transfers. See Rotan Grocery Co. v. West (C. C. A.) 246 F. 685; Walker v. Wilkinson (C. C. A.) 295 F. 123.

■ I have discussed the counterclaims as if they set forth merely that debts were owing to the defendants by the bankrupts. As for the further allegations in the counterclaims, that the referee gave the defendants no chance to put in proof in support of their claims, it may be observed that the referee's procedure was apparently proper, since the

validity and amount of the claims was an academic matter until the defendants should surrender their fraudulent transfers. It may also be observed that any error of the referee in the proceedings on the claims is not subject to correction in this suit; the remedy was on appeal from the referee's order. These allegations are wholly irrelevant.

Whether the defendants upon satisfying a decree against them for the fraudulent transfers may thereafter have their alleged claims allowed in the bankruptcy proceedings is not before me now. The mere fact that such a "surrender" would be a compulsory one would not bar them (Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790), but their failure to surrender within the time set by the referee's order might be a matter operating to their prejudice. These are matters without bearing upon the issues raised now.

The motion to strike the answers of the defendants Frimitt, Berger, and Elinson will be granted, and the trustee may take a decree pro confesso against these three defendants. The suit must go to trial as against the defendant Schwach.