## In re V. SAVINO OIL & HEATING CO., INC., Debtor.

Bankruptcy No. 187–72500–353.

United States Bankruptcy Court, E.D. New York.

Oct. 25, 1988.

Lateef Mtima, Coudert Bros., New York City, for Bayside Fuel Oil Depot Corp.

Louis P. Rosenberg, Rosenberg, Rosenberg & Koral, Brooklyn, N.Y., for debtor.

Abraham Backenroth, Harvis & Zeichner, New York City, for Creditors' Committee.

Dena Jaffe, New York City, for Ferrantino & Co., Inc.

Stuart Newmark, Taylor, Newmark & Rosenberg, New York City, for Vincent A. Savino and G. Thomas Meier.

### MEMORANDUM OPINION AND ORDER

JEROME FELLER, Bankruptcy Judge.

Before the Court is a motion of Bayside Fuel Oil Depot Corp. ("Bayside"), a creditor in the above-captioned Chapter 11 case, seeking authorization to commence an adversary proceeding on behalf of the Debtor

against Ferrantino & Company, Inc. ("Ferrantino"), for the recovery of alleged fraudulent conveyances. For the reasons discussed below, the motion of Bayside is denied.

## I.

V. Savino Oil & Heating Co., Inc. ("Debtor"), filed a petition for reorganization on November 20, 1987 and by so doing was constituted a debtor-in-possession. A Creditors' Committee was duly appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a). The Creditors' Committee has been active and vigorous in the representation of its constituency. Among other things, the Creditors' Committee has filed a motion for the appointment of a trustee pursuant to 11 U.S.C. § 1104, which motion is presently pending before this Court. In addition, the Creditors' Committee has sought and obtained authorization to commence an adversary proceeding on behalf of the estate to recover property allegedly fraudulently transferred or converted. In accordance with the judicial authorization obtained, the Creditors' Committee, in July 1988, filed a multi-defendant complaint initiating an adversary proceeding on behalf of the Debtor, alleging incestuous transactions or dealings between the Debtor and related/affiliated persons or entities, particularly companies owned or controlled by persons related to the sole stockholder and principal officer of the Debtor, Vincent A. Savino (*Committee of Unsecured Creditors of V. Savino Oil & Heating Co., Inc. v. V. Savino Oil & Heating Company, Inc.*, Adversary Proceeding No. 188–0130–353). This adversary proceeding is also pending.

Ferrantino is a company whose principal is the father-in-law of Vincent A. Savino and is engaged in business similar to that of the Debtor. Ferrantino is a named defendant in the Adversary Proceeding No. 188–0130–353 commenced by the Creditors' Committee. The allegations of the complaint are broadly drafted and would appear to encompass any and all possible bases for recovery on behalf of the estate as against Ferrantino. *See*, for example, the seventh and ninth causes of action in Adversary Proceeding No. 188–0130–353.

Bayside too now seeks to sue Ferrantino for the benefit of the estate on a fraudulent transfer theory. Although its motion papers do not expressly identify the provisions of the Bankruptcy Code under which the lawsuit would be brought, we would assume from a reading of the papers that Bayside's lawsuit would sound in alleged fraudulent transfers violative of § 544(b) and/or 11 U.S.C. § 548.

## II.

■ Standing to invoke the avoidance powers contained in §§ 544(b) and 548 rests with the trustee by the express provisions of those statutes. These focused and specific grants of authority to the trustee alone are not unique to these provisions of the Bankruptcy Code. Other sections of the Bankruptcy Code similarly grant only the trustee a right to invoke other bankruptcy avoidance powers, e.g., 11 U.S.C. § 545 (avoiding statutory liens); 11 U.S.C. § 547 (avoiding preferences); § 549 (avoiding postpetition transactions). Under 11 U.S.C. § 1107(a), a Chapter 11 debtor-in-possession is generally accorded *de jure* trustee status and thus vested with the authority to avoid transfers of property under 11 U.S.C. §§ 544(b), 548 and the other avoidance provisions.[1]

■ The commencement of litigation by a trustee or debtor-in-possession on behalf of an estate in bankruptcy under the avoidance provisions is permissive and not mandatory. The responsibilities of a trustee or debtor-in-possession to collect assets and to effectuate the policy of equality of distribution do not *per se* compel litigation by such fiduciaries. To the contrary, a trustee or debtor-in-possession has a substantial degree of prosecutorial discretion to sue or not to sue. If, however, a trustee/debtor-in-possession unjustifiably fails

---

1. With certain limitations and exceptions not here relevant, a debtor-in-possession under § 1107(a) has "all the rights ... and powers" and is required to perform "all the functions and duties" of a trustee.

to employ its statutory arsenal of avoiding powers or otherwise abuses its discretion in not suing, a creditors' committee has implied authority[2] to bring an action on behalf of the estate in bankruptcy with the approval of the bankruptcy court. *Unsecured Creditors Committee of Debtor STN Enterprises, Inc. v. Noyes (In re STN Enterprises),* 779 F.2d 901, 904 (2d Cir. 1985); *Official Committee of Unsecured Creditors Committee of Joyanna Holitogs, Inc. v. I. Hyman Corp. (In re Joyanna Holitogs, Inc.),* 21 B.R. 323, 325–26 (Bankr.S.D.N.Y.1982); *Committee of Unsecured Creditors v. Monsour Medical Center (In re Monsour Medical Center),* 5 B.R. 715 (Bankr.W.D.Pa.1980).

■ As a rule, individual creditors such as Bayside lack the authority to institute avoidance actions. *Nebraska State Bank v. Jones,* 846 F.2d 477 (8th Cir.1988); *Saline State Bank v. Mahloch,* 834 F.2d 690, 694–695 (8th Cir.1987); *Hansen v. Finn (In re Curry and Sorensen, Inc.),* 57 B.R. 824 (9th Cir.B.A.P.1986); *Drinker, Biddle & Reath v. Bacher (In re Bacher),* 47 B.R. 825, 829 (Bankr.E.D.Pa.1985). As indicated, such actions must be instituted by a trustee, debtor-in-possession or, with court approval, by a creditors' committee upon demonstrating that the trustee or debtor-in-possession unjustifiably declines to sue. This is not to suggest that a bankruptcy court can never authorize an avoidance action on behalf of the estate by an individual creditor in a Chapter 11 case. Fair and orderly bankruptcy administration, however, would dictate that such authority might be granted upon showings of particularly extraordinary circumstances.[3]

Bayside has failed to set forth any extraordinary circumstances or reasons to justify granting the remarkable relief it seeks. Ferrantino, among others, has already been sued on behalf of the estate by an active Creditors' Committee on causes of action similar or identical to what Bayside would propose to sue. While it is true, as Bayside argues, that the Debtor's principals would never institute, much less zealously prosecute a lawsuit of the type represented by Adversary Proceeding No. 188–0130–353, no one has suggested that the Creditors' Committee will fail to "zealously prosecute" that lawsuit. And, if a trustee is appointed in this Chapter 11 case, he presumably would be substituted as plaintiff so as to prosecute the lawsuit. *See,* Bankruptcy Rules 2012 and 6009. In any event, Bayside has no cause to complain in light of its participatory rights in Adversary Proceeding No. 188–0130–353 pursuant to 11 U.S.C. § 1109(b). *Official Unsecured Creditors' Committee v. Michaels (In re Marin Motor Oil, Inc.),* 689 F.2d 445 (3rd Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); *but see, Fuel Oil Supply and Terminaling v. Gulf Oil Corporation,* 762 F.2d 1283 (5th Cir.1985).

### III.

For all of the foregoing reasons, the motion of Bayside Fuel Oil Depot for authorization to commence an adversary proceeding on behalf of the Debtor against Ferrantino & Company, Inc. is denied.

IT IS SO ORDERED.

---

**2.** 11 U.S.C. § 1103(c)(5)—Powers of a creditors' committee include right to "perform such other services as are in the interest of those represented."

**3.** It is significant to note that Bayside fails to cite a single Chapter 11 case where an *individual* creditor was authorized to commence an avoidance action.