In re CHASE & SANBORN CORPORATION, f/k/a General Coffee Corporation, Debtor.

Bankruptcy No. 83–000889 BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Jan. 25, 1991.

Ronald G. Neiwirth, P.A., Miami, Fla., for the Creditor Trustee.

David L. Katsky, Esanu Katsky Korins & Siger, New York City, for the Creditor Trustee.

Alan G. Greer, Floyd Pearson Richman Greer Weil Zack & Brumbaugh, P.A., Miami, Fla., Alan H. McLean, Hughes Hubbard & Reed, New York City, for Arab Banking Corp.

## MEMORANDUM AND ORDER RE: CREDITOR TRUSTEE'S MOTION UNDER SECTION 502(d) OF THE BANKRUPTCY CODE (I)

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court on January 2, 1991 on the motion of Paul C. Nordberg, the Creditor Trustee of the Estate of the Debtor, for an order under Section 502(d) of the Bankruptcy Code disallowing all of the claims in this bankruptcy case of Arab Banking Corporation ("ABC"), unless within ten days of the entry of an order on this motion in the Creditor Trustee's favor ABC pays to the Creditor Trustee $1,550,000 representing two voidable preferences that it previously received. ABC opposes the motion on the ground that it is premature. For the reasons discussed below, the motion is granted.

*The Facts*

The facts are not in dispute. In 1986 the Creditor Trustee commenced an adversary proceeding against ABC, a commercial bank, to recover certain voidable transfers (hereinafter *"Arab I"*). The Bankruptcy Court and the District Court initially ruled against the Creditor Trustee's claims. On appeal the Eleventh Circuit by decision dated June 27, 1990 reversed, holding that ABC had received two voidable preferences from the Debtor under Section 547 of the Bankruptcy Code, one in the amount of $400,000 on March 3, 1983 and a second in the amount of $1,150,000 on March 31, 1983. *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 592–97 (11th Cir.1990). The Circuit Court further held that the preferences were "recoverable" by the Creditor Trustee from ABC because it was the "initial transferee" of the preferences within the meaning of Section 550 of the Bankruptcy Code. *Id.* at 599–600. The time for ABC to appeal from the Eleventh Circuit's decision, i.e., to petition the Supreme Court for a writ of certiorari, has expired.

ABC has not to date paid to the Creditor Trustee the two preferences totalling $1,550,000.

ABC for its part has made claims against the Debtor's Estate. First, ABC asserted an $11 million fraud counterclaim against the Creditor Trustee in *Arab I*. Additionally, ABC filed a proof of claim in this bankruptcy case, which the Creditor Trustee challenged in a contested matter in this Court (hereinafter *"Arab II"*).

In *Arab I* this Court rejected ABC's fraud counterclaim. In *Arab II* this Court rejected ABC's $3.3 million fraud and $1.2 million constructive trust claims, but allowed a $5.3 million claim based on the Debtor's guarantee of ABC's loan to a

third party. Those rulings in *Arab I* and *Arab II* are pending in various stages of appeal or remand from appeal.

While *Arab II* was on appeal in the District Court, the Creditor Trustee moved in that Court for an order under § 502(d) disallowing ABC's claims in bankruptcy (and dismissing the appeal as moot). Before the § 502(d) motion was fully briefed, however, the District Court decided on October 18, 1990 the *Arab II* appeal and remanded specific questions to this Court for further proceedings. (That order has been stayed and *Arab II* remains on appeal in the District Court while that Court considers a pending motion for rehearing.) In a separate order, the District Court declined to reach the merits of the § 502(d) motion and, instead, denied the motion without prejudice to its renewal before this Court.

*The Governing Law*

ABC contends that the Creditor Trustee's § 502(d) motion is premature and should be denied because "no judgment has been entered in the preference action ('*Arab I*') declaring the amount of ABC's liability" and because "the amount of prejudgment interest, if any, due to the Trustee on the preference liability is yet to be determined." ABC Mem. at 2 and 12. These arguments are unpersuasive.

▪ Section 502(d), in material part, provides:

... the court shall disallow any claim of any entity from which property is recoverable under section ... 550 ... of this title or that is a transferee of a transfer avoidable under section ... 547 ... of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under ... this title.

Nothing on the face of the statute or any case requires the entry of a judgment as a prerequisite to the disallowance under § 502(d) of a preferred creditor's claims. Indeed pursuant to § 502(d) courts have disallowed the claim of a creditor that re-

ceived and failed to return a preference where the trustee not only lacked a judgment imposing liability for the preference, but could not obtain a judgment because the preference claim was time barred. That is, the trustee was permitted to use § 502(d) defensively to disallow the preferred creditor's claim even though he could not obtain an affirmative judgment for the amount of the preference due to the bar of the statute of limitations. *Matter of Eye Contact*, 97 B.R. 990 (W.D.Wis.1989); *In re Larsen*, 80 B.R. 784 (E.D.Va.1987); *Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604 (S.D.N.Y.1986).

▪ What is necessary for the invocation of § 502(d) is a judicial determination that the creditor received a preference (and has failed to repay it). *In the Matter of Colonial Services Company*, 480 F.2d 747, 749 (8th Cir.1973); *In re J.R. Palmenberg Sons, Inc.*, 76 F.2d 935, 937 (2d Cir.1935), *aff'd*, 297 U.S. 230, 56 S.Ct. 451, 80 L.Ed. 657 (1936); *Nebraska Mercantile Co. v. Nathanson Bros. Co.*, 20 F.2d 330, 333 (8th Cir.1927); *Exchange Nat. Bank of Shreveport v. Peyton*, 18 F.2d 776, 777 (5th Cir. 1927); *In the Matter of Eye Contact, Inc.*, 97 B.R. 990, 992 (Bankr.W.D.Wis.1989); *In re W & T Enterprises, Inc.*, 84 B.R. 838, 840 (Bankr.M.D.Fla.1988); *In re Jean P. Larsen*, 80 B.R. 784, 791 (Bankr.E.D.Va. 1987); *Irving Trust Co. v. Frimitt*, 1 F.Supp. 16, 17 (S.D.N.Y.1932); *In re Oppenheimer*, 140 F. 51, 53 (N.D.Iowa 1905). Here, the Eleventh Circuit expressly and unconditionally held that ABC received a $400,000 preference on March 3, 1983 and a $1,150,000 preference on March 31, 1983. ABC did not petition for a writ of certiorari. The Circuit Court's determination is now final and unreviewable. There is no open issue or further proceeding that can change the determination that ABC received the two preferences.* The entry of a judgment in this Court incorporating the holding of the Eleventh Circuit would be an

---

* This includes ABC's counterclaim in *Arab I*, for the counterclaim is wholly unrelated to and has no bearing on the Eleventh Circuit's decision that ABC received the preferences. Even if ABC were to prevail on the counterclaim, the Circuit Court's ruling on the preferences would not be altered in any way.

unnecessary formality that is not a prerequisite for this motion.

■ Nonetheless, ABC asserts that this motion remains premature because the amount of prejudgment interest, if any, due to the Creditor Trustee has not been determined. At oral argument on January 2, as well as in his reply brief, the Creditor Trustee's counsel stated that the parties were far apart regarding the appropriate amount of prejudgment interest and that substantial litigation would be required to resolve the question. Counsel also stated, as set forth in the Creditor Trustee's briefs, that the Creditor Trustee does not ask that the Court disallow ABC's claims until it pays prejudgment interest, but only that ABC pay the base $1,550,000 amount of the two preferences in order to avoid disallowance.

The fact that the amount of prejudgment interest due remains to be litigated is no deterrent to granting the Creditor Trustee's § 502(d) motion. ABC, a commercial bank, has held and had the use and benefit of the two preferences since March 1983, or for almost eight years. ABC actively litigated the preference issue through trial, an appeal to the District Court, a further appeal to the Eleventh Circuit and is now before this Court on the instant motion. ABC is presently litigating against the Creditor Trustee its counterclaim in *Arab I* and its fraud and constructive trust claims in *Arab II.*

Section 502(d) is designed to foster the "restoration" of assets to a debtor's estate, thereby assuring "equality of distribution" of the estate's assets by precluding anyone who has received a voidable transfer from sharing in any distribution or burdening an estate with continuing litigation unless he first pays back any preference that he has received. *Keppel v. Tiffin Sav. Bank,* 197 U.S. 356, 25 S.Ct. 443, 444–45, 49 L.Ed. 790 (1905); *Irving Trust Co. v. Frimitt,* 1 F.Supp. 16, 18 (S.D.N.Y.1932); *Matter of Mid Atlantic Fund, Inc.,* 60 B.R. 604, 609–10 (Bankr.S.D.N.Y.1986); *Matter of Georgia Steel, Inc.,* 38 B.R. 829, 839 (Bankr.Md. Ga.1984). Delay in the entry of a § 502(d) order in this case will prejudice the Estate

by preventing prompt recovery of the preferences while at the same time subjecting the Estate to the continuing burden of multiple litigations with ABC. On the other hand, delay will benefit ABC for it will continue to have the use and the financial benefit of the $1,550,000 while remaining free to press forward with its litigations against the Estate without disgorging the preferences. The Creditor Trustee does not, as noted, seek the payment of prejudgment interest as a *condition* of ABC's avoidance of § 502(d). Under the circumstances here, the policies underlying the statute will best be served by granting the § 502(d) motion before the determination of prejudgment interest. Upon its payment to the Estate of the $1,550,000 in preferences in accordance with this Order, ABC may continue the litigation of its outstanding claims against the Estate. *See, e.g.,* 11 U.S.C. § 502(d); *In the Matter of Eye Contact, Inc., supra* at 992; *In re W & T Enterprises, Inc., supra* at 840.

The Court being otherwise fully advised in the premises, it is

ORDERED and ADJUDGED that the Creditor Trustee's motion under § 502(d) is granted and that all of ABC's claims in this bankruptcy case are disallowed, unless ABC within ___ days from the date of this order pays to the Estate the sum of $1,550,-000 representing the principal amount of the two voidable preferences it received from the Debtor.

DONE and ORDERED.