In the Matter of the FLORIDA GROUP, INC., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF the FLORIDA GROUP, INC., Plaintiff,

v.

FIRST UNION NATIONAL BANK OF FLORIDA and First Union Mortgage Corporation, Defendants.

Bankruptcy No. 89–9758–8B1.
Adv. No. 90–630.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 31, 1991.

John D. Goldsmith, Tampa, Fla., for plaintiff.

Robert A. Soriano, Tampa, Fla., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on to be heard upon First Union National Bank of Florida and First Union Mortgage Corporation's (First Union) Motion to Dismiss Complaint of the Official Committee of Unsecured Creditors of the Florida Group, Inc. (Creditors Committee). The Creditors Committee filed a one count, multi-paragraph complaint seeking equitable subordination of First Union's indebtedness to the Creditors Committee. First Union's Motion to Dismiss Complaint is based on three premises: (1) the Creditors Committee lacks standing to institute the adversary proceeding; (2) the Creditors Committee's complaint fails to state a cause of action; and (3) if fraud is the basis for equitable subordination, such fraud is not pled with specificity required by Bankruptcy Rule 7009 (Fed.R.Civ.P. 9(b)).

The gravamen of First Union's motion is standing. It is predicated upon Debtor already having filed an eight count complaint against First Union for breach of contract, tortious interference with contract, breach of covenant of good faith, breach of fiduci-

ary duty, negligence, equitable subordination, preference, and contribution. The Creditors Committee's complaint deals with the same transactions as the Debtor's complaint.

This Court is convinced a creditors committee has a limited derivative right to institute a suit on debtor's cause of action where the debtor-in-possession or the trustee has failed to act. This right is within the context of Section 1103(c)(5) and Section 1109(b) of the Bankruptcy Code. As stated, the right is derivative. At a minimum, it can only be exercised where, in Chapter 11 cases, the debtor-in-possession has failed to pursue a viable cause of action and the court, after the appropriate motion by the committee, has approved the filing of the lawsuit. See, Louisiana World Exposition v. Federal Insurance Co. (In re Louisiana World Exposition), 832 F.2d 1391 (5th Cir.1987); Louisiana World Exposition v. Federal Insurance Co., 858 F.2d 233, 247 (5th Cir.1988); In re Vitreous Steel Products Co., 911 F.2d 1223 (7th Cir.1990); see generally, Norton Bankr.L. and Prac. § 52.11.50 (1990); cf., In re Charter Co., 68 B.R. 225, 227 (Bankr. M.D.Fla.1986). This Court believes Debtor's complaint is identical and more encompassing than that of the Creditors Committee. Besides, trial on Debtor's complaint has begun. Debtor's lawsuit will adequately protect any rights of the estate and by such precludes the Creditors Committee from either intervening in this case or bringing a separate lawsuit. See, Rollert Co., Inc. v. Charter Crude Oil Co. (In re Charter Co.), 50 B.R. 57 (Bankr.W.D.Tex. 1985).[1]

Where, as here, the debtor-in-possession has diligently sought to pursue its cause of action, the creditors committee is precluded from proceeding on the same matter. A possible exception to this position may arise when the debtor's action is not taken in good faith. Surely, considering the extensive amount of pretrial activity in Debtor's case, there is no hint Debtor

---

1. We are in no way suggesting that a creditor could be deprived of its individual cause of action in this manner. Such is not the case here. American Cigar Co. v. MNC Commercial Corp. (In re M. Paolella Sons, Inc.), 85 B.R. 965 (Bankr.E.D.Pa.1988).

is not proceeding forward in the highest adversarial sense.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that First Union National Bank of Florida and First Union Mortgage Corporation's Motion to Dismiss is granted and the above-captioned adversary proceeding is dismissed with prejudice.

DONE AND ORDERED.