**In re PRIME MOTOR INNS, INC., et al., Debtors.**

**UNITED JERSEY BANK, Plaintiff,**

**v.**

**MORGAN GUARANTY TRUST COMPANY OF NEW YORK and First Fidelity Bank, N.A., New Jersey, Defendants.**

**Bankruptcy No. 90–16604–BKC–AJC. Adv. No. 91–1172–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 14, 1992.

Francis L. Carter, Coll Davidson Carter Smith Salter & Barkett, Miami, Fla., for Morgan Guar. Trust Co. of New York.

Brian K. Gart, Greenberg Traurig Hoffman Lipoff Rosen & Quentel, Miami, Fla., for First Fidelity Bank, N.A., New Jersey.

Brian K. Goodkind, Adorno & Zeder, P.A., Miami, Fla., for United Jersey Bank.

## ORDER DISMISSING COMPLAINT AND MEMORANDUM OPINION

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER having come before the Court for hearing on January 8, 1992, upon the Motion to Dismiss Complaint in the above captioned adversary proceeding (the "Adversary Proceeding") filed by Morgan Guaranty Trust Company of New York ("Morgan Guaranty") and First Fidelity Bank, N.A., New Jersey ("First Fidelity");

adequate notice having been given; the Court, having considered the motion and having heard argument of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

United Jersey Bank ("UJB"), as an individual creditor, commenced this Adversary Proceeding against Morgan Guaranty and First Fidelity, both of whom are secured creditors, by filing a Complaint Objecting to Claims of Morgan Guaranty Trust and First Fidelity (the "Complaint"). UJB specifically requested that this Court determine that certain security interests of Morgan Guaranty and First Fidelity, which secure certain letters of credit, are voidable as preferential transfers pursuant to § 547 of the Bankruptcy Code. UJB further sought an order disallowing these claims of Morgan Guaranty and First Fidelity (the "Claims"), pursuant to § 502(d) of the Bankruptcy Code, until the alleged preferences are disgorged.

The Claims, which arise from letters of credit transactions, are part of a much larger and more complicated loan transaction involving thirteen lender banks (the "Bank Group [1]"), for which Morgan Guaranty serves as agent (the "Agent"). Certain avoidance claims which could be brought by Prime Motor Inns, Inc. and its debtor affiliates (the "Prime Debtors"), as debtors-in-possession, may arise from the Bank Group loan transaction. The Prime Debtors have analyzed the transaction and potential claims arising from it, and have negotiated a compromise with the Bank Group, the Senior Unsecured Creditors,[2] and the Official Committee of Unsecured Creditors (the "Creditors' Committee") in order to formulate a consensual plan of reorganization. The Prime Debtors have presented the compromise in their Amended Joint Plan of Reorganization (the "Amended Joint Plan"), and have explained its terms in the Disclosure Statement For Debtors' Amended Joint Plan of Reorganization (the "Disclosure Statement"). Hearings to approve the Disclosure Statement and to confirm the Amended Joint Plan have been scheduled.

Under the Amended Joint Plan, the Bank Group has settled its claim, which includes the Claims at issue herein, and has agreed to accept an amount less than the amount claimed by the Bank Group. The treatment of the Morgan Guaranty and First Fidelity Claims is an integral part of this overall settlement of complex issues, the litigation of which the Prime Debtors, the Creditors' Committee, the Senior Unsecured Creditors and the Bank Group believe would consume and needlessly deplete the resources of the estate.

UJB's own claim arises from a letter of credit transaction as do those of Morgan Guaranty and First Fidelity, but UJB's claim is neither secured nor is it part of a larger loan transaction with potential litigation risks, nor does UJB in the Complaint aver that the Morgan Guaranty and First Fidelity letters of credit are in fact like UJB's letter of credit. Nonetheless, UJB objects to its claim being classified differently than the Claims on the basis that all arise from letter of credit transactions. In a separate contested matter now pending before this Court, UJB has moved to reclassify its letter of credit claim to the same class in which the Prime Debtors have classified the Senior Unsecured Creditors under the Amended Joint Plan. For their part, Morgan Guaranty and First Fidelity have filed a joint Motion to Dismiss Complaint on the ground that UJB lacks standing to file an action on behalf of the estate to avoid alleged preferential transfers.

The Prime Debtors have analyzed and compromised potential causes of action with regard to the Claims as part of the overall compromise of the Bank Group's claim. Moreover, even if UJB could demonstrate that the Prime Debtors have unjustifiably refused to bring causes of action against Morgan Guaranty or First Fidelity,

---

**1.** UJB is also a member of the Bank Group.

**2.** As defined in the Disclosure Statement For Debtors' Amended Joint Plan of Reorganization.

the Creditors' Committee has been very active in these jointly administered reorganization cases and has played a pivotal role in plan negotiations leading up to the Prime Debtors' filing their consensual Amended Joint Plan, and under the appropriate circumstances, would be the proper party to seek leave of this Court to bring such causes of action.

Morgan Guaranty and First Fidelity, as well as the Prime Debtors, have asserted before the Court that UJB seeks here to enhance its negotiating leverage in reclassifying its own letter of credit claim under the Amended Joint Plan, rather than altruistically seeking to avoid preferences that would inure to the benefit of all creditors. While there is an opportunity to confirm a consensual plan of reorganization that compromises the Claims as part of the overall settlement with the Bank Group, these estates will not benefit from litigating the classification of UJB's claim in the guise of an objection to the allowance of the Claims.

## CONCLUSIONS OF LAW

■ Because the plaintiff, UJB, lacks standing to prosecute the cause of action it asserts, relief cannot be granted because this Court lacks jurisdiction. Accordingly, the Complaint must be dismissed with prejudice. Section 547 of the Bankruptcy Code expressly authorizes only the trustee, and not individual creditors, to prosecute claims to avoid preferential transfers. *See* 11 U.S.C. § 547(b). Section 547 empowers the trustee to avoid preferences in order to marshal the debtor's property for the benefit of all creditors. *Id.* A debtor-in-possession also has the authority to prosecute such claims, as it is vested with substantially all of the rights and powers of a trustee pursuant to § 1107(a) of the Bankruptcy Code.

■ As a rule, individual creditors lack the authority to institute avoidance actions, including those actions brought pursuant to § 547 of the Bankruptcy Code. *In re V. Savino Oil & Heating Co.*, 91 B.R. 655, 655–57 (Bankr.E.D.N.Y.1988); *see also Nebraska State Bank v. Jones*, 846 F.2d 477 (8th Cir.1988); *Saline State Bank v. Mahloch*, 834 F.2d 690, 694–95 (8th Cir.1987).

■ It is the rare case where a party in interest other than a trustee or debtor-in-possession may prosecute an estate's causes of action, and rarer still that such party may be anyone other than a court appointed committee.[3] Even official committees do not have standing to prosecute such actions absent extraordinary circumstances. *In re V. Savino Oil & Heating Co.*, 91 B.R. at 657 (the creditors' committee has implied authority to bring an action on behalf of the debtor's estate on approval of the bankruptcy court, if the trustee/debtor-in-possession abuses its discretion in not suing). An official committee must prove certain facts as a prerequisite to obtaining relief to bring such causes of action on behalf of the estate. It is well established that four requirements must be satisfied before even a committee can pursue such claims: (a) a demand must have been made upon the trustee or debtor-in-possession to bring such action; (b) such demand must have been unjustifiably refused; (c) there must have been a prima facie demonstration of a colorable claim; and (d) the party seeking to bring the action must have obtained leave of the court to do so. *See, e.g., Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.)*, 832 F.2d 1391, 1397 (5th Cir.1987); *In re Calvary Temple Evangelistic Assoc.*, 47 B.R. 520, 522–23 (Bankr.D.Minn.1984); *Unsecured Creditors' Comm. v. Farmers Sav.*

---

**3.** The standing of a statutory committee to prosecute causes of action owned by an estate arises by implication from §§ 1103(c)(5) and 1109(b) of the Bankruptcy Code which grant to such a committee the authority to "perform such other services as are in the interest of those represented" and the right to be heard in any case. *Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d

901, 904 (2d Cir.1985); *Official Comm. of Unsecured Creditors v. First Union Nat'l Bank (In re Florida Group, Inc.)*, 123 B.R. 923, 924 (Bankr. M.D.Fla.1991); *In re V. Savino Oil & Heating Co.*, 91 B.R. at 657; *Committee of Unsecured Creditors v. Monsour Medical Center (In re Monsour Medical Center)*, 5 B.R. 715, 717–18 (Bankr.W.D.Pa.1980).

*Bank (In re Toledo Equip. Co.)*, 35 B.R. 315, 320 (Bankr.N.D.Ohio 1983).

■ The qualified right of a committee to initiate an avoidance action on behalf of the estate may not, however, be extended to individual creditors or shareholders.[4] *See, e.g., Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 827 (B.A.P. 9th Cir.1986) ("[i]ndividual creditors generally have no remedy to institute such an action except through the trustee or debtor-in-possession."); *In re Sinder*, 102 B.R. 978, 983 (Bankr.S.D.Ohio 1989) ("a search of existing authority has not revealed any decision in which a court was willing to extend such authority to an individual creditor"); 4 *Collier on Bankruptcy* ¶ 547.-21[4] (15th ed. 1991) ("it is clear that individual creditors may not bring suits on their own behalf to avoid preference to other creditors").

It is indisputable that UJB does not constitute a statutory committee. Moreover, it is clear that none of the above mandatory requirements have been satisfied. UJB has not alleged in the Complaint that it made demand upon the Prime Debtors to commence a similar action against Morgan Guaranty and First Fidelity or that the Debtors unjustifiably refused to do so. As a consensual plan of reorganization which compromises potential avoidance actions is close to fruition in these cases, any claim by UJB that the Prime Debtors have unjustifiably refused to commence an avoidance action against Morgan Guaranty and First Fidelity is without merit.

UJB asserts in the Complaint that it has standing to pursue this Adversary Proceeding as an objection to claims under § 502(a) of the Bankruptcy Code because it is "a party in interest." Upon reviewing the Complaint, however, it is clear that UJB is attempting to avoid the "standing" issue by disguising its objection to classification and avoidance action as an objection to claims. Moreover, UJB is actually objecting pursuant to § 502(d) of the Bankruptcy Code, which does not incorporate the "party in interest" language found in § 502(a).

It is apparent that UJB is attempting to mask as an objection to the Claims filed by Morgan Guaranty and First Fidelity, its real purpose, that is, an objection to the Prime Debtors' Plan and its dissatisfaction with the Prime Debtors' treatment of certain of its claims. To grant individual creditors and shareholders the right to prosecute avoidance actions or to bootstrap objections to classification and confirmation as objections to claims, would unfairly enable individual creditors to pursue their own parochial and insular interests, to the detriment of all other creditors.

Although UJB has cited several cases for the proposition an objection to claim based on avoidance grounds under § 502(d) of the Bankruptcy Code is somehow fundamentally different from a pure avoidance action, in all the cases cited by UJB, the party objecting to claims was a bankruptcy trustee or debtor-in-possession, parties expressly vested with standing under § 547 to bring avoidance actions. *See Weber v. Mickelson (In re Colonial Services Co.)*, 480 F.2d 747 (8th Cir.1973); *Bronx Brass Foundry, Inc. v. Irving Trust Co. (In re J.R. Parlmenberg Sons, Inc.)*, 76 F.2d 935 (2d Cir.1935); *Irving Trust Co. v. Frimitt*, 1 F.Supp. 16 (S.D.N.Y.1932); *Putney v. Barnett Bank of Central Florida (In re W & T Enterprises, Inc.)*, 84 B.R. 838 (Bankr. M.D.Fla.1988); *In re Mid Atlantic Fund, Inc.*, 60 B.R. 604 (Bankr.S.D.N.Y.1986); *see also In re Chase & Sanborn Corp.*, 124 B.R. 368 (Bankr.S.D.Fla.1991). Thus, the

---

4. It is only under extreme circumstances in which courts have permitted an individual creditor to pursue avoidance actions on behalf of an estate. For example, courts have held that when a trustee or debtor-in-possession has unjustifiably failed to act and there is no other objective third party, *i.e.*, an official committee, an individual creditor may be given leave to commence such an action. *See In re Shelby Motel Group, Inc.*, 123 B.R. 98 (N.D.Ala.1990); *In re McKeesport Steel Castings Co.*, 799 F.2d 91 (3rd Cir.1986). In this instance, however, it is undisputed that the Creditors' Committee has taken an active role in these cases. Thus, even if UJB could demonstrate that the Prime Debtors have unjustifiably refused to commence a preference action against Morgan Guaranty and First Fidelity, the Creditors' Committee would be fully capable of adequately protecting any rights of these estates. *See In re Feldhahn*, 92 B.R. 834, 836 (Bankr.S.D.Iowa 1988).

issue is not whether a creditor may object to another creditor's claim, (*see In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir.1990) and *In re Charter Co.,* 68 B.R. 225 (Bankr.M.D.Fla.1986) which stand for the proposition that an individual creditor may object to another creditor's claim as a party in interest pursuant to § 502(a) of the Bankruptcy Code), but whether a creditor has standing to raise § 547 as a basis for such objection.[5] The narrow issue presented here is who may assert a claim to avoid a preference under § 547, whether offensively or defensively. It is clear that the statutory language of § 547, which specifically vests standing to bring avoidance actions in a trustee, cannot be circumvented merely by asserting § 547 defensively. *See Davidson Lumber Co. v. Davidson Timber Co. (In re Davidson Lumber Co.),* 19 B.R. 871, 872 (Bankr.S.D.Fla.1982) (creditors lack standing to interpose §§ 547 and 548 of the Bankruptcy Code as defenses to secured creditors' complaint seeking determination of validity, priority, and extent of their respective liens and relief from the automatic stay).

The correct analysis and reading of § 502(d) suggests to this Court that UJB might have standing to object under § 502(a) if there has first been a judicial determination that Morgan Guaranty and First Fidelity have transferee liability within the meaning of § 550 of the Bankruptcy Code. Indeed, this Court has previously held that "[w]hat is necessary for the invocation of § 502(d) is a judicial determination that the creditor received a preference (and has failed to repay it)." *In re Chase & Sanborn Corp.,* 124 B.R. 368, 370 (Bankr.S.D.Fla.1991). It is not enough for a *creditor* to establish a *prima facie* case of avoidability as suggested by UJB. *Cf. Putney v. Barnett Bank of Central Florida (In re W & T Enterprises, Inc.),* 84 B.R. 838, 840 (Bankr.M.D.Fla.1988). The Prime Debtors' Amended Joint Plan compromises the very preference action impermissibly raised by UJB in its Complaint. If the Amended Joint Plan is confirmed and the compromise upheld, Morgan Guaranty and First Fidelity will never have transferee liability. Thus, at this juncture, UJB's § 502(d) objection is without merit.[6] Further, no other basis for objecting to the Claims is here at issue.[7]

## CONCLUSION

Causes of action to avoid preferential transfers are property of Prime's estate and may only be prosecuted by Prime, as debtor-in-possession. As a matter of law, UJB lacks standing to prosecute this Adversary Proceeding to avoid allegedly preferential transfers as a matter of law. Further, UJB has failed to satisfy the mandatory requirements necessary for a court to

---

5. The concerns of the court in the case of *In re Charter Co.,* 68 B.R. 225 (Bankr.M.D.Fla.1986), that a debtor-in-possession is not charged with the duty of representing general unsecured creditors, and therefore that the debtor-in-possession may not take into consideration the interests of all creditors when determining whether it should object to the allowance of a proof of claim, does not apply here for two reasons. First, UJB's objection is based on § 547, which establishes by statutory limitation who may bring such an action. The procedure described above, which allows an official committee to pursue such claims if the debtor-in-possession unjustifiably refuses to do so, adequately protects the interests of *all* creditors. Second, the Creditors' Committee, which is charged with the duty of protecting the interests of all unsecured creditors, has been active in these cases from their inception and has participated in the negotiations giving rise to the compromise of the Bank Group's claim, including the Claims here at issue. The same policies which limit stand-

ing to pursue § 547 causes of action pertain here. A single creditor should not have standing to advance its own parochial interests to the detriment of other creditors. Such a result would create a needless obstacle to reorganization in Chapter 11 cases.

6. It should be noted that nothing decided herein precludes UJB from objecting to the Amended Joint Plan and the compromise of the Bank Group's claim therein.

7. For example, UJB's apparent reliance on a line of equitable subordination cases (*See, e.g., Panelized Technology, Inc. v. Tesoro Savings & Loan Ass'n (In re Fargo Financial, Inc.),* 80 B.R. 247 (Bankr.N.D.Ga.1987); *International Union, United Auto., Aerospace & Agricultural Implement Workers of America v. Ludwig Honold Mfg. Co. (In re Ludwig Honold Mfg. Co.),* 30 B.R. 790 (Bankr.E.D.Pa.1983)) to support its proposition that it should be permitted to prosecute the Complaint is not relevant.

confer such standing on any party other than the Prime Debtors. Where a plaintiff lacks standing to assert causes of action set forth in a complaint, the complaint must be dismissed. *See Nebraska State Bank v. Jones,* 846 F.2d 477 (8th Cir.1988); *Bankers Trust Co. v. Feldesman,* 676 F.Supp. 496 (S.D.N.Y.1987); *Reaemco, Inc. v. Allegheny Airlines,* 496 F.Supp. 546 (S.D.N.Y. 1980); *In re Florida Group, Inc.,* 123 B.R. at 924; *see also In re Chase & Sanborn Corp.,* 124 B.R. 368 (Bankr.S.D.Fla.1991); *In re Marketing Associates of America, Inc.,* 122 B.R. 367 (Bankr.E.D.Mo.1991). Accordingly, this Adversary Proceeding must be dismissed as a matter of law, and it is hereby

ORDERED and ADJUDGED that the Adversary Proceeding commenced by UJB against Morgan Guaranty and First Fidelity is dismissed with prejudice.

DONE and ORDERED.