**In re The GIBSON GROUP, INC., Debtor.**

**CANADIAN PACIFIC FOREST PRODUCTS, LTD., etc., Plaintiff,**

v.

**J.D. IRVING, LTD., et al., Defendants.**

**Bankruptcy No. 1–90–00280.
Adv. No. 1–92–0017.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 21, 1992.

See also 126 B.R. 759.

Michael G. Kohn, Cincinnati, Ohio, for Blum.

Jeffrey Marks, Cincinnati, Ohio, for Canadian Pacific.

John D. Luken, Cincinnati, Ohio, for Wipp.

Quintin F. Lindsmith, Columbus, Ohio, for Irving.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

## DECISION

BURTON PERLMAN, Chief Judge.

The matter before the court is an adversary proceeding in which the plaintiff, Canadian Pacific Forest Products, Ltd. is a secured creditor seeking to avoid and recover alleged preferential and fraudulent transfers made by debtor, the Gibson Group, Inc. In its complaint, plaintiff names three defendants, J.D. Irving, Ltd. ("Irving"), Blum International, Inc. ("Blum"), and West Indies Pulp and Paper, Ltd. ("WIPP"). In the complaint reference is made to Lake Utopia Paper ("Lake Utopia"), a division of Irving. The complaint states that debtor was a broker for the sale of paper products, that Lake Utopia was one of its suppliers to which it was in arrears in its account, that Blum was a customer of debtor as was WIPP, and that pre-filing transactions occurred involving debtor and these three parties which should be set aside. Plaintiff says that in those transactions there was an issuance in favor of Lake Utopia of notes totaling $1,300,000 by Blum and a like transfer by WIPP in the amount of $1,700,000, and that as a consequence of those transfers, debtor's indebtedness to Lake Utopia was reduced by $3,000,000. In the first Claim of the complaint, plaintiff says that the transfers from Blum and WIPP to Lake Utopia were preferential pursuant to § 547(b) and should be avoided. In the second Claim of the complaint, plaintiff alleges that the cancellation of accounts receivable owing to debtor from Blum in the amount of $1,300,-000 is a fraudulent transfer pursuant to § 548(a). The third Claim of the complaint makes a like allegation with respect to the cancellation of the indebtedness by WIPP to the debtor in the amount of $1,700,000. The fourth Claim of the complaint appears to be one based upon § 550 for the recovery of amounts transferred.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A), (F) and (H).

In response to the adversary complaint, defendants each filed motions to dismiss for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6) (made applicable in bankruptcy pursuant to B.R. 7012). We discuss, first, the motion by Irving. Irving asserts that plaintiff, an individual creditor, lacks standing pursuant to the Code and

case law to bring this action. Irving argues that since debtor and the official creditors' committee had decided not to pursue the avoidance and recovery action, plaintiff is foreclosed as a matter of law from bringing this action. Movant Irving and plaintiff have exhaustively briefed the issues of standing with extensive (and baffling) excursions into questions of benefit or harm, to unsecured creditors or the estate.

While in its complaint plaintiff asserts that it "has been authorized to prosecute this action" pursuant to an order of this court entered January 17, 1992, defendant Irving correctly points out that in connection with our ruling, we specifically reserved for consideration in the adversary proceeding itself, the question of the propriety of bringing the action in the first place by this creditor. It is now that question of standing which is before us on this motion to dismiss.

■ Both statutes, § 547 and § 548, confer upon the trustee (or the debtor-in-possession pursuant to §§ 1107(a) and 1108)), the power to avoid preferences and fraudulent conveyances. That designation is express. Upon an appropriate showing, however, notwithstanding the absence in the statute of authority for others to exercise the trustee's power under discussion, a creditors' committee has been authorized to pursue such actions, and even on occasion a single creditor, as is the case here. *See e.g., In re Shelby Motel Group, Inc.,* 123 B.R. 98, 103 (N.D.Ala.1990) (individual creditor has implied right under § 1109 to initiate avoidance action). The authorities make it very clear, however, that before a creditor can exercise the trustee's power, request must be made of the trustee, and more than declination by the trustee must be shown in order to justify the bringing of the action by the creditor. The putative plaintiff creditor must show that the inaction by the trustee was unjustified. *See, e.g., In re Martin,* 124 B.R. 69, 72 (N.D.Ill. 1991); *In re Prime Motor Inns, Inc.,* 135 B.R. 917, 920 n. 4 (Bankr.S.D.Fla.1992).

■ In the present instance, plaintiff offers no such showing. All that plaintiff has shown is that indeed request was made both of the debtor and of the creditors' committee, and it is alleged that both refused to file the suit. Absolutely no showing is made as to the reason that these parties refused to initiate the litigation. Movant in its memorandum makes assertions of fact which are totally unsupported in the record as to the motivation of the trustee and the creditors' committee for not acting, and so we disregard these assertions.

The unvarnished fact is as stated by plaintiff in its memorandum: "There is nothing properly in the record in this adversary proceeding or the Chapter 11 case proper to indicate the reason for Debtor's and the Committee's declining to commence the avoidance action." Plaintiff's Memorandum in Opposition to J.D. Irving's Motion to Dismiss, at 2. This does not work in favor of the plaintiff; it works against it. It is the burden of the plaintiff to show that as a matter of fact the inaction by the debtor was unjustified. *In re Martin,* 124 B.R. at 72; *In re Toledo Equipment Co.,* 35 B.R. 315, 320 (Bankr.N.D.Ohio 1983). Before plaintiff can do that, it is self-evident that it must offer evidence of the reason why the debtor and the creditors' committee took no action. It is not sufficient to say, as plaintiff has, that its burden is met by a showing that the claim is valid.

Because plaintiff has failed to allege, and is not in a position to prove, that an action by the debtor and the creditors' committee was unjustified, we will grant the motion to dismiss for lack of standing.

The separate motion by defendant WIPP also raises the standing issue and is likewise granted.

While the motion by Blum does not raise the standing issue, but argues that the complaint fails to state a claim against Blum, in view of our present decision it is not necessary for us to reach that issue.

## JUDGMENT ON DECISION BY THE COURT ON MOTIONS TO DISMISS

Motions to dismiss by all three defendants having come on for consideration by

the court, Honorable Burton Perlman, United States Bankruptcy Judge, presiding, and the issues having been duly considered and a decision having been rendered,

It is Ordered and Adjudged that said motions are granted and the complaint in this proceeding is dismissed.