989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald L. BUTTS, Plaintiff-Appellant,
v.
Alexander B. BIGLER; Ila Ross Bigler, Defendants-Appellees.
 No. 92-1488.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 30, 1992
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-168-A, BK-90-11575)
 Q. Russell Hatchl, Alexandria, Virginia, for Appellant.
 Spencer D. Ault, Leesburg, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Gerald L. Butts appeals a district court order affirming the bankruptcy court's denial of Butts's objection to Alexander B. Bigler and Ila Ross Bigler's exemption pursuant to Va. Code Ann. § 34-4 (Michie 1990). We affirm.
 
 
 2
 This Court reviews findings of fact made by the bankruptcy court for clear error, using the same standards as the district court. In re Club Assocs., 951 F.2d 1223, 1228-29 (11th Cir. 1992). This court reviews conclusions of law made by the bankruptcy court de novo, using the same standard as the district court. Id.
 
 
 3
 Alexander B. Bigler and Ila Ross Bigler petitioned for bankruptcy protection and claimed exemptions as permitted by Va. Code Ann. § 34-4. These exemptions included: $3811.70, the balance of a bank account in the Biglers' name; stock in Equestrian Forge, Inc. ("Equestrian"), a corporation formed by the Biglers immediately preceding bankruptcy, valued at $1000; and household and personal goods valued at $732.65.
 
 
 4
 After a meeting with all of the Biglers' creditors, the bankruptcy trustee abandoned the estate's interest in all of the Biglers' scheduled assets, finding that all of the property had been fairly valued and was either encumbered and burdensome to the estate or properly claimed as exempt. The trustee then filed a Final Report of No Distribution with the United States Trustee's Office.
 
 
 5
 At a hearing before the bankruptcy court, Butts, one of the Biglers' creditors, objected to the granting of a discharge pursuant to 11 U.S.C. § 727(a)(2) (1988), and to the Biglers' claims of exempt property. Butts contended that the Biglers had transferred all of their business assets to Equestrian in exchange for selected business liabilities and that this was a fraudulent transfer meant to defraud their creditors. He contended that Equestrian had over $40,000 of assets and the stock was worth more than the $1000 valuation used by the Biglers. If the value was as Butts asserted, it would exceed the $5000 exemption permitted by Va. Code Ann. § 34-4.
 
 
 6
 The bankruptcy court denied the Biglers a discharge, finding that the transfer was not permitted by 11 U.S.C. § 727(a)(2). The court denied Butts' objection to the Biglers' claim of the stock of Equestrian as exempt property, stating that $1000 was a generous valuation of the stock corporation. Butts appealed to the district court, which affirmed. Butts appeals to this Court.
 
 
 7
 Butts contends that the Biglers should not be permitted to include the value of the Equestrian stock in their exemption because the true value of the stock exceeds the $5000 limit imposed by § 34-4. This contention must fail. The bankruptcy court held that the $1000 valuation was fair. This finding of fact cannot be overturned unless it is clearly erroneous. In light of Equestrian's balance sheet which states that the company's liabilities exceed its assets by almost $16,000, the bankruptcy judge's determination of value is not clearly erroneous.
 
 
 8
 Butts also contends that the court's denial of the discharge was a determination that the transfer was fraudulent. The crux of his argument is that because the transfer was "fraudulent" and of the type that could have been avoided by the trustee under 11 U.S.C. § 548(a)(1) (1988), the bankruptcy court erred in not invoking 11 U.S.C. § 522(g)(1)(A) (1988) to prohibit the Biglers from claiming the value of their stock as an exemption.
 
 
 9
 Butts's argument is without merit. Under § 548(a)(1), a trustee may avoid a transaction where there was intent to hinder, delay or defraud. 11 U.S.C. § 548(a)(1). Property that has been recovered by a trustee may not be exempted by the debtor under § 522(g)(1)(A). 11 U.S.C. § 522(g)(1)(A). Both of these sections refer to actions that may be undertaken by a trustee. Butts is not the trustee and has no standing to assert an action to avoid the transfer unders 548(a)(1), absent extraordinary circumstance which have not been alleged here. In re Xonics Photochemical, Inc., 841 F.2d 198, 202 (7th Cir. 1988); In re Savino Oil & Heating Co., 91 B.R. 655, 657 (Bankr. E.D.N.Y. 1988). Because Butts has no standing to assert this action, the bankruptcy court properly denied his objection.
 
 
 10
 Butts further contends that the court erred in allowing the Biglers to exempt the $3811.70 balance in their bank account. This argument is meritless because the exemption was taken according to the terms of Va. Code Ann. § 34-4. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED